**IT IS ORDERED as set forth below:**

**Date: November 15, 2024**



_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JUSTIN TRESHUNN BURNETT, | ) | |
| | ) | CASE NO. 24-59886– LRC |
| | ) | |
| Debtor. | ) | |

## ORDER

Before the Court are the *Motion to Enjoin Trustee from Coercion, Unauthorized Disclosure, and Unauthorized Legal Advice* (Doc. 28, the Motion to Enjoin") and the *Motion to Deny Chapter 7 Trustee's Request for Another Meeting of Creditors, Request for Injunction, and Notice to Provide Evidence of Authority* (Doc. 31, the "Motion"), filed by Justin Treshunn Burnett ("Debtor"). The

Motion is opposed by the Office of the United States Trustee (the "US Trustee"). (Doc. 36, the "Response").[1]

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 19, 2024 (the "Petition Date"). The United States Trustee appointed Tamara M. Ogier (the "Trustee") as the interim Chapter 7 trustee. The Trustee commenced the meeting of creditors, pursuant to § 341(a) on October 29, 2024, and announced the continuance of the meeting to November 26, 2024, for the production of additional documents and information.

In the Motion to Enjoin, Debtor asserts that the Trustee requested copies of his private documents, which he contends she is not entitled to review, and that the Trustee coerced him to alter truthful answers he gave to questions asked in his bankruptcy petition and schedules and gave him unauthorized legal advice. In the Motion, Debtor requests an injunction against the Trustee's from continuing the § 341 meeting of creditors, from pressuring Debtor to retract, modify, or withdraw

---

[1] In addition to the Motion, the Motion to Enjoin, and the Response, the Court has considered the Notice for the Record of Exhibit 1 (Doc. 27), the Notice of Time and Place of Coercion by Trustee (Doc. 29), the Lawful Notice to the World, Including Evidence that the Beneficiary's Signature is the Source of all Funds (Doc. 30), the Conditional Acceptance In Response To Mary Ida Townson's Response To Debtor's Motion To Deny Chapter 7 Trustee's Request For Another Meeting of Creditors, Request For Injunction, and Notice To Provide Evidence of Authority (Doc. 37), the Notice of Discriminatory Mischaracterization Based on National Origin and Identity (Doc. 38), the Notice of Email Communications and Evidence of All Accounts Closed Sent to Tamara Ogier, Lindsay Kolba, & Mary Townson (Doc. 39), and the Notice of Inalienable Right to Privacy with Protections Guaranteed by the Fourth Amendment of the U.S. Constitution, including Evidence in Support (Doc. 40).

any statement made on the record, and from defending and raising objections for "unopposing" creditors.

In response, the US Trustee correctly notes that the commencement of a bankruptcy case creates an estate that includes "all legal or equitable interests of the debtor in property as of the commencement of the case . . . wherever located and by whomever held." 11 U.S.C. § 541(a). This includes any papers and financial records Debtor owned on the Petition Date. *See In re Endeavour Highrise, L.P.*, 432 B.R. 583, 636 (Bankr. S.D. Tex. 2010). Debtor has a duty to turn over such property upon request by the Trustee and to appear for examination under oath at the § 341 meeting of creditors. *See* 11 U.S.C. § 521(a)(4) (stating that "the debtor shall . . . surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate"); § 341; *Endeavour Highrise, L.P.*, 432 B.R. at 636. Further, under § 704, the Trustee has a duty to investigate Debtor's financial affairs and, if advisable, object to the entry of Debtor's discharge. 11 U.S.C. § 704(a)(1), (4), and (6). Debtor filed a voluntary bankruptcy petition, and his refusal to perform his duties or to cooperate with the Trustee may be cause for dismissal of the case, 11 U.S.C. § 707(a), or denial of Debtor's discharge, 11 U.S.C. § 727(a)(4)(D). Finally, the Trustee is the representative of the estate and Debtor's

creditors and, contrary to Debtor's argument, need not remain neutral. *In re Top Flight Stairs & Rails, Ltd.*, 398 B.R. 321, 324 (Bankr. N.D. Ill. 2008) ("A bankruptcy trustee represents the interests of creditors, not the interests of the debtor."); *In re Gayety Candy Co., Inc*., 625 B.R. 390, 404 (Bankr. N.D. Ill. 2021) ("In so doing, '[a] trustee in bankruptcy represents the interests of creditors,' . . . not the debtor, and owes primary fiduciary duties to them.").

For these reasons, the Court must conclude that Debtor has alleged no basis upon which the Court could enjoin the Trustee from continuing the meeting of creditors, from requesting the documents at issue, or from making inquiries or raising objections that could benefit Debtor's creditors.  Accordingly, the Motion and the Motion to Enjoin fail to state a claim upon which relief can be granted and

IT IS ORDERED that the Motion and the Motion to Enjoin are **DENIED**.

[END OF DOCUMENT]

**Distribution List**

Justin Treshunn Burnett
PO Box 1241
Mableton, GA 30126

Lindsay P. S. Kolba
Office of the U.S. Trustee
Suite 362
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Tamara Miles Ogier
Ogier, Rothschild & Rosenfeld PC
P. O. Box 1547
Decatur, GA 30031

Janica Drayton
Padgett Law Group
Suite 1475
3490 Piedmont Road
Atlanta, GA 30305

Elizabeth H. Parrott
McCalla Raymer Leibert Pierce
1544 Old Alabama Rd
Roswell, GA 30076